**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MARTIN VICTOR** | : | **DOCKET NO. 18-cv-101** |
|    **REG. # 14582-035** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **WARDEN FCI OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Martin Victor. Victor is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.
BACKGROUND**

Victor was indicted in this court along with several other defendants on multiple drug charges. *United States v. Victor*, No. 6:09-cr-320(1), doc. 3 (W.D. La. Aug. 6, 2012). Pursuant to a plea agreement, he pleaded guilty to Count One of the indictment, conspiracy to distribute narcotics, and the remaining counts were dismissed on the government's motion at sentencing on July 30, 2012. *Id.* at docs. 434, 647. Victor was sentenced to a twenty-year term of imprisonment,

with credit for time served from October 26, 2009.[1] *Id.* at doc. 652. His conviction and sentence were affirmed by the Fifth Circuit. *Id.* at doc. 712. On June 3, 2016, Judge Doherty clarified that Victor's sentence was to be served concurrently with a sentence rendered in state court on November 18, 2009. *Id.* at doc. 1008.

Victor sought relief from his sentence through motions to vacate filed under 28 U.S.C. § 2255, arguing through counsel that he was entitled to resentencing based on the Fair Sentencing Act and in a supplemental pro se motion that there were various constitutional errors in his conviction and sentence. *Id.* at docs. 723, 772. The court denied both motions. *Id.* at doc. 907; *see id.* at docs. 801 and 899 (reports and recommendations adopted). Victor also filed motions to reduce sentence pursuant to 18 U.S.C. § 3582. *Id.* at docs. 837, 928. The court denied both of these motions, and the Fifth Circuit affirmed the ruling. *Id.* at docs. 1030, 1070.

Victor now seeks reduction of his sentence in this court through the instant habeas petition, arguing that the BOP incorrectly calculated his sentence by failing to credit him with time served in state custody from November 18, 2009, to November 17, 2011, despite the sentencing court's pronouncement that he should receive credit for time served from October 26, 2009, onward, and that his state and federal sentences should run concurrently. Doc. 1, att. 2.

## II.
### LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears

---

[1] An arrest warrant was issued for Victor on that date. *See id.* at doc. 2.

from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule

4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing

to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut*

*v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits

before us to determine whether any right to relief is indicated, or whether the petition must be

dismissed.

### B.  Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence

is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is

specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons.

*United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed.

App'x 331, 332 (5th Cir. 2014). The federal sentencing court thus has no authority to designate or

calculate credit for time spent in jail prior to the commencement of a federal sentence. *See, e.g.*,

*Wilson*, 112 S.Ct. at 1353–54.

A district court may review a challenge to the BOP's refusal to grant credit for time served

or make a nunc pro tunc designation through a § 2241 petition, after the BOP has made a final

decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Under § 3585(b), a

defendant is to be given credit toward his federal term of imprisonment for any time spent in

official detention prior to the commencement of his sentence "that has not been credited against

another sentence." Accordingly, the sentencing court's pronouncement that Victor was to be

awarded credit for time served from October 26, 2009, onward does not alter the BOP's authority

to award such credit, and the BOP is statutorily barred from crediting any of that time if it was

already counted toward a state sentence. Likewise, Judge Doherty's clarification that the state and

federal sentences were to run concurrently only impacts the calculation of time after Victor's

federal sentence commenced,[2] well after the November 2009–2011 time period for which Victor

now seeks credit. Victor only relies on the sentencing court's statements and fails to allege, much

less show, that the BOP's conclusion that this time was already credited toward his state term was

in error.[3] *See* doc. 1, atts. 3 and 4 (BOP sentence computation sheet and response to administrative

remedy procedure). In fact, he concedes that "the BOP correctly identified the State term in

question." Doc. 1, att. 2, p. 3. Accordingly, he cannot show a basis for habeas relief.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and

**DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the

United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed

---

[2] A federal sentence does not commence until the Attorney General receives the prisoner into custody for service of the sentence. 18 U.S.C. § 3585(a). This does not occur automatically upon the production of the prisoner in federal court pursuant to a writ of habeas corpus prosequendum. *Wilson v. United States*, 2008 WL 2676845 at *3 (W.D. La. May 29, 2008). According to the administrative remedy response, Victor's sentence commenced on September 14, 2012. Doc. 1, att. 4, p. 2.

[3] Victor takes issue with the BOP's conclusion, in its response to his administrative remedy procedure, that "[a]t the time of sentencing, the Court did not state whether your federal sentence was to be served concurrently with any other sentence." Doc. 1, att. 4, p. 1. However, this statement relates to the petitioner's return to state custody until September 14, 2012. *See id.* It bears no relation to the issue presented in this petition: credit for time spent in state custody from November 18, 2009, to November 17, 2011. *See* doc. 1, att. 2, pp. 1, 3–4. According to the administrative remedy response, the petitioner was credited with time spent in custody from November 18, 2011, until his federal sentence commenced. Doc. 1, att. 4, p. 2.

-5-

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of April, 2018.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE